JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CYNTHIA COLACCHIA; KARINA VESIAN; ELIZANDRA CRUZ; SAMANTHA DUVAL; JOHN MORRIS; and, BETH RICHINO-BROWN

### DEFENDANTS
MIDLAND FUNDING, LLC; and, MIDLAND CREDIT MANAGEMENT, INC.

**(b)** County of Residence of First Listed Plaintiff    MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOSEPH M. ADAMS, ESQ.
LAW OFFICE OF JOSEPH M. ADAMS
200 HIGHPOINT DRIVE, SUITE 211A, CHALFONT, PA 18914
215-996-9977

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Section 227, et seq.
Brief description of cause:
Defendants placed illegal auto-dialed collection calls to Plaintiffs' cell phones

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   1/27/2017

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

### FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: SEE ATTACHED.

Address of Defendant: 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108

Place of Accident, Incident or Transaction: MONTGOMERY COUNTY, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☐

Does this case involve multidistrict litigation possibilities?          Yes☒  No☐

*RELATED CASE, IF ANY*:

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 47 U.S.C. Section 227, et seq.

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Joseph M. Adams, Esq. _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 1/27/2017          _____          58430
                         Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/27/2017          _____          58430
                         Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

## ADDRESSES OF PLAINTIFFS

Cynthia Colacchia
333 S. Line St.
Apt. F-1
Lansdale, PA  19446

Karina Avesian
1443 Lindbergh Ave.
Abington, PA 19001

Elizandra Cruz
10200 Hedgerow Ct.
Apt. 1204
El Paso, TX  79925

Samantha Duval
1307 Needham Cir.
Hatfield, PA 19440

John Morris
120 King St.
Pottstown, PA  19464

Beth Richino-Brown
45 Edward Rd.
Hatboro, PA  19040

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CYNTHIA COLACCHIA, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MIDLAND FUNDING, et al. | : | |
| | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health

and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from
exposure to asbestos. ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.) ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 1/27/2017 | Joseph M. Adams, Esq. | _Joseph M. Adams_ |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-996-9977 | 215-996-9111 | josephmadamsesq@verizon.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

<div style="border-top: 1px solid black;"></div>

| | |
|---|---|
| CYNTHIA COLACCHIA, f/k/a CYNTHIA ROBERTO,   : | |
| KARINA AVESIAN, ELIZANDRA CRUZ, | |
| SAMANTHA DUVAL, f/k/a SAMANTHA RISSMILLER, : | CIVIL ACTION |
| JOHN MORRIS, and | |
| BETH RICHINO-BROWN, f/k/a BETH RICHINO,         : | No.: |
| individuals, | |
| : | |
| Plaintiffs, | |
| v.                                                                          : | |
| | |
| MIDLAND FUNDING LLC,                                         : | |
| a foreign limited liability company, | |
| and MIDLAND CREDIT MANAGEMENT, INC.,        : | |
| a foreign for-profit corporation, | |
| : | **JURY TRIAL DEMANDED** |
| Defendants. | |
| : | |

<div style="border-top: 1px solid black;"></div>

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, CYNTHIA COLACCHIA, f/k/a CYNTHIA ROBERTO, KARINA AVESIAN, ELIZANDRA CRUZ, SAMANTHA DUVAL, f/k/a SAMANTHA RISSMILLER, JOHN MORRIS, and BETH RICHINO-BROWN, f/k/a BETH RICHINO (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendants, MIDLAND FUNDING LLC (hereinafter, "MF") and MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "MCM") (hereinafter collectively, "Defendants"). In support thereof, Plaintiffs state:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendants' violations of the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3) and 28 United States Code, Section 1337.

2.      Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

3.      At all material times herein, Plaintiffs are each individuals residing in Montgomery County, Pennsylvania.

4.      At all material times herein, MF is a foreign limited liability company existing under the laws of the state of Delaware and engaged in business in Pennsylvania, with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, that, itself and through its subsidiaries, regularly purchases and collects defaulted consumer debts from residents in the Eastern District of Pennsylvania.

5.      At all material times herein, MCM is a foreign for-profit corporation existing under the laws of the state of Kansas and engaged in business in Pennsylvania, with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, that, itself and through its subsidiaries, regularly collects defaulted consumer debts owed or asserted to be owed to MF from residents in the Eastern District of Pennsylvania.

## GENERAL ALLEGATIONS

6.      At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

7.      Upon information and belief, MF purchased debts allegedly owed by each of the Plaintiffs after such debts entered default.

8.      Upon information and belief, MF assigned Plaintiffs' debts to MCM for collection.

2

9.     At all material times herein, MCM acted on MF's behalf, and with MF's knowledge, consent, and approval when MCM made telephone calls to Plaintiffs in its attempts to collect each Plaintiffs' respective debt.

10.     All necessary conditions precedent to the filing of this action occurred or Defendants waived.

## FACTUAL ALLEGATIONS

11.     MCM made telephone calls, as more specifically alleged below, to Cynthia Colacchia, f/k/a Cynthia Roberto's cellular telephone number 215.XXX.1242, Karina Avesian's cellular telephone number 484.XXX.2642, Elizandra Cruz's cellular telephone number 484.XXX.8070, Samantha Duval, f/k/a Samantha Rissmiller's cellular telephone number 267.XXX.8335, John Morris' cellular telephone number 484.XXX.4191, and Beth Richino-Brown, f/k/a Beth Richino's cellular telephone number 267.XXX.3720 (hereinafter collectively, "Plaintiffs' Cellular Telephones") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

12.     At all material times herein, Cynthia Colacchia, f/k/a Cynthia Roberto, is the owner, regular user, and possessor of a Cellular Telephone with assigned number 215.XXX.1242 (hereinafter, "Plaintiff Colacchia's Cellular Telephone").

13.     At all material times herein, Karina Avesian is the owner, regular user, and possessor of a Cellular Telephone with assigned number 484.XXX.2642 (hereinafter, "Plaintiff Avesian's Cellular Telephone").

14.     At all material times herein, Elizandra Cruz is the owner, regular user, and possessor of a Cellular Telephone with assigned number 484.XXX.8070 (hereinafter, "Plaintiff Cruz's Cellular Telephone").

3

15.     At all material times herein, Samantha Duval, f/k/a Samantha Rissmiller, is the owner, regular user, and possessor of a Cellular Telephone with assigned number 267.XXX.8335 (hereinafter, "Plaintiff Duval's Cellular Telephone").

16.     At all material times herein, John Morris is the owner, regular user, and possessor of a Cellular Telephone with assigned number 484.XXX.4191(hereinafter, "Plaintiff Morris' Cellular Telephone").

17.     At all material times herein, Beth Richino-Brown, f/k/a Beth Richino, is the owner, regular user, and possessor of a Cellular Telephone with assigned number 267.XXX.3720 (hereinafter, "Plaintiff Richino-Brown's Cellular Telephone").

18.     At no time herein did Defendants possess prior express consent to call any of the Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

19.     If Defendants contend they possessed consent to call Plaintiff Duval's Cellular Telephone, Samantha Duval, f/k/a Samantha Rissmiller revoked any consent the moment she answered one of Defendants' phone calls, orally revoked such consent, and demanded Defendants cease calling Plaintiff Duval's Cellular Telephone.

20.     If Defendants contend they possessed consent to call Plaintiff Morris' Cellular Telephone, John Morris revoked any consent the moment he answered one of Defendants' phone calls, orally revoked such consent, and demanded Defendants cease calling Plaintiff Morris' Cellular Telephone.

21.     At no time herein did Defendant possess prior express consent to call Plaintiff Colacchia's Cellular Telephone as Cynthia Colacchia, f/k/a Cynthia Roberto, obtained Plaintiff Colacchia's Cellular Telephone number after MF acquired the debt it attempted to collect from Cynthia Colacchia, f/k/a Cynthia Roberto.

22.     At no time herein did Defendant possess prior express consent to call Plaintiff

4

Avesia's Cellular Telephone as Karina Avesia obtained Plaintiff Avesian's Cellular Telephone number after MF acquired the debt it attempted to collect from Karina Avesian.

23. At no time herein did Defendant possess prior express consent to call Plaintiff Cruz's Cellular Telephone as Elizandra Cruz obtained Plaintiff Cruz's Cellular Telephone number after MF acquired the debt it attempted to collect from Elizandra Cruz.

24. At no time herein did Defendant possess prior express consent to call Plaintiff Richino-Brown's Cellular Telephone as Beth Richino-Brown, f/k/a Beth Richino never provided Plaintiff Richino-Brown's Cellular Telephone to Defendants or the original creditor.

25. Additionally, if Defendants contend they made the below-referenced phone calls for "informational purposes only," they nevertheless lacked the required prior express written consent necessary to place such informational calls to any of Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

26. MCM made each call to Plaintiffs' Cellular Telephones on MF's behalf, and with MF's consent, knowledge, and approval.

27. Despite lacking prior express consent, from 2011 through the filing of this Complaint, Defendants made approximately two (2) calls every day to Plaintiff Colacchia's Cellular Telephone using an ATDS, a PTDS, or an APV.

28. Despite lacking prior express consent, from approximately July 2015 through June 2016, Defendants made approximately three (3) calls every day to Plaintiff Avesian's Cellular Telephone using an ATDS, a PTDS, or an APV.

29. Despite lacking prior express consent, from approximately January 2014 through 2015, Defendants made approximately three (3) calls every day to Plaintiff Cruz's Cellular Telephone using an ATDS, a PTDS, or an APV.

30. Despite lacking prior express consent, from 2012 through 2013, Defendants made

5

approximately six (6) calls every day to Plaintiff Duval's Cellular Telephone using an ATDS, a PTDS, or an APV.

31.     Samantha Duval, f/k/a Samantha Rissmiller answered *at least* one of Defendants' immediately-aforementioned telephone calls within the first week of Defendant's calls, orally revoked any prior express consent Defendants possessed to call Plaintiff Duval's Cellular Telephone using an ATDS, a PTDS, or an APV, and demanded Defendants cease calling Plaintiff Duval's Cellular Telephone.

32.     Despite lacking prior express consent, from 2014 through 2015, Defendants made telephone calls every day to Plaintiff Morris' Cellular Telephone using an ATDS, a PTDS, or an APV.

33.     John Morris answered *at least* one of Defendants' immediately-aforementioned telephone calls, orally revoked any prior express consent Defendants possessed to call Plaintiff Morris' Cellular Telephone using an ATDS, a PTDS, or an APV, and demanded Defendants cease calling Plaintiff Morris' Cellular Telephone.

34.     Despite lacking prior express consent, from 2013 through approximately May 2015, Defendants made approximately four (4) calls every day to Plaintiff Richino-Brown's Cellular Telephone using an ATDS, a PTDS, or an APV.

35.     As of September 1, 2016, the Plaintiffs each retained Leavengood, Dauval, Boyle & Meyer, P.A. and the Law Office of Joseph M. Adams (hereinafter collectively "Undersigned Counsel") for representation with respect to their TCPA claims against Defendants.

36.     Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

37.     Plaintiffs have not been able, due to both professional and/or personal

6

commitments, as well as the continued and increasing stress associated with the continued barrage of autodialed telephone calls, to record the specifics on each and every call made to Plaintiffs. Plaintiffs assert, however, that the above-referenced calls are but a sub-set of the total calls they are aware of and that each caused emotional distress, anxiety, and inability to use their respective Cellular Telephones when Defendants made such calls, all made in violation of the TCPA. Moreover, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiffs.

38.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made to Plaintiffs' Cellular Telephones using any ATDS, PTDS, or APV to Plaintiffs' Cellular Telephones in violation of the TCPA or the regulations prescribed thereunder.

39.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made to Plaintiffs' Cellular Telephones using any ATDS, PTDS, or APV to Plaintiffs' Cellular Telephones in willful or knowing violation of the TCPA or the regulations prescribed thereunder.

**COUNT ONE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiffs re-allege paragraphs one (1) through thirty-nine (39) as if fully restated herein and further state as follows:

40.     Defendants are both subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

41.     At no time herein did Defendants possess consent to call any Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

7

42.     Despite lacking Plaintiffs' prior express consent, MCM, on MF's behalf—and with MF's consent, knowledge, and approval—used and ATDS, a PTDS, or an APV to make calls to each of the Plaintiffs' Cellular Telephones *at least* two (2) to six (6) times a day.

43.     The phone calls MCM made to Plaintiffs on MF's behalf—and with MF's consent, knowledge, and approval—are the result of a repeated willful and knowing violation of the TCPA.

44.     As a direct and proximate result of Defendants' conduct, Plaintiffs each suffered:

a.      The periodic loss of his or her cellular telephone service;

b.      Lost material costs associated with the use of peak time cellular telephone minutes allotted under his or her cellular telephone service contract; and

c.      Emotional distress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully request entry of:

a.      Judgment against Defendants declaring that Defendants violated the TCPA;

b.      Judgment enjoining Defendants from making further autodialed phone calls to Plaintiffs' Cellular Telephones;

c.      Judgment for each of the Plaintiffs against Defendants awarding the greater of actual damages or statutory damages in the amount of $500.00 for each of Defendants' telephone calls to Plaintiffs' Cellular Telephones in violation of the TCPA;

d.      Judgment for each of the Plaintiffs against Defendants awarding treble damages in the amount of an additional $1,000.00 for each telephone call made to the Plaintiffs' Cellular Telephones in violation of the TCPA where Defendants acted

8

knowingly and/or willfully; and

     e.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully Submitted,

**Joseph M. Adams, Esq., PBN 58430**
Law Office of Joseph M. Adams
200 Highpoint Drive, Suite 211A
Chalfont, PA 18914
Phone: (215) 996-9977
Fax: (215) 996-9111
josephmadamsesq@verizon.net

**and
Ian R. Leavengood, Esq., FBN 0010167
Aaron M. Swift, Esq., FBN 093088
Gregory H. Lercher, Esq., FBN 0106991
Sara J. Weiss, Esq., FBN 0115637**
LeavenLaw, P.A.
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*pro hac vice application forthcoming
Attorneys for Plaintiffs*

9

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Cynthia Colacchia, f/k/a Cynthia Roberto, hereby says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 27, 2017.

Cynthia Colacchia, f/k/a Cynthia Roberto

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Karina Avesian, hereby says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _Jan 24, 17_.

_Karina Avesian_ (signature)

Karina Avesian

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Elizandra Cruz, hereby says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ___January  11 , 2017.


_____
Elizandra Cruz

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Samantha Duval, f/k/a Samantha Rissmiller, hereby says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____1/11/17_____.

_____
Samantha Duval, f/k/a Samantha Rissmiller

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, John Morris, hereby says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.
8. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 1- 10-17                    .


John Morris
_____
John Morris

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Beth Richino-Brown, f/k/a Beth Richino, hereby says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, *information and belief formed* after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ____1 - 19 - 17_____.


_____
Beth Richino-Brown, f/k/a Beth Richino